UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES WORLEY | CIVIL ACTION |
| VERSUS | NO. 16-3620 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION "J" (2) |

### ORDER AND REASONS ON MOTIONS

The BELO portion of the Medical Benefits Class Action Settlement Agreement in In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179, Record Doc. No. 6427-1 at pp. 60-73, and this court's Case Management Orders, Record Doc. No. 14099 in MDL No. 2179 and Record Doc. No. 3 in the captioned case, provide for determination by this court, with the input of the parties, of the appropriate venue for discovery and dispositive proceedings. Plaintiff has filed a Motion for Venue to Remain in the Eastern District of Louisiana. Record Doc. No. 6. Defendants have filed a Motion to Transfer Venue to the Middle District of Louisiana and a written opposition to plaintiff's motion. Record Doc. Nos. 5 and 9. Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that plaintiff's motion is DENIED, defendants' motion is GRANTED and the instant matter is hereby **TRANSFERRED** to the United States District Court for the Middle District of Louisiana for the following reasons.

Paragraph III(2) of this court's BELO Cases Initial Proceedings Case Management Order provides that "the factors set forth in 28 U.S.C. § 1404(a) and applicable case law"

govern determination of the appropriate venue for discovery and dispositive proceedings. 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Applicable case law establishes that factors relevant to the court's venue determination include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (quoting In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004)). Other relevant public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id.

Considering these factors and the disclosure information provided by plaintiff, Record Doc. No. 3-2, I find that the most appropriate venue for further proceedings in this BELO lawsuit is the Middle District of Louisiana. The complaint alleges that plaintiff resides in West Baton Rouge Parish, Record Doc. No. 1 at ¶ I, which is located in the Middle District of Louisiana. 28 U.S.C. § 81(a)(6). His disclosures confirm that plaintiff currently lives in Port Allen, Louisiana. Record Doc. No. 5-3 at p. 3. Plaintiff's wife,

whom he identifies in his disclosures as a key witness with knowledge both of his "diagnosis of bladder tumor, [and] first hand [knowledge] of my exposure to oil and dispersants used in cleanup efforts," Record Doc. No. 5-2 at p. 9, also lives in Port Allen. Perhaps most significantly, <u>all</u> of plaintiff's principal medical care providers are located within the Middle District of Louisiana. These include Dr. Brian P. Higgins, Westside Family Medicine of Brusly, Louisiana; the Baton Rouge Urology Group of Baton Rouge, Louisiana; and Dr. Luke Crosten, Neuro Center of Baton Rouge. It follows that important and highly relevant evidence, specifically plaintiff's key medical records, are located in the Middle District of Louisiana.

Plaintiff's disclosures establish only two connections between this case and the Eastern District of Louisiana: (1) the short period of time during 2010 when he worked as an oil spill cleanup worker in the Grand Isle, Louisiana area; and (2) his employer at that time also resides in Grand Isle. Significantly, <u>none</u> of plaintiff's medical care providers identified in his disclosures are located in the Eastern District of Louisiana. On balance, the other connections to the Middle District outlined above far outweigh these two considerations.

Thus, it appears on balance that access to sources of proof, witness availability and containing the costs associated with obtaining most of the principal proof, either by witness attendance at depositions or trial and through the costs of obtaining documents, are superior in the Middle District than in the Eastern District. Certainly, plaintiff is in no way prejudiced by having to pursue his case in his home district, with its courthouse much

nearer to his home in the Middle District than the Eastern District, and where any inconvenience to his doctors presented by the need for them to provide evidence will be minimized. The Middle District certainly is no less capable than this court of providing expeditious attention, localized interest and familiarity with forum state law. While some connections to the Eastern District clearly exist, the connections between the parties, the witnesses, other evidence and the Middle District are superior, in terms of number, convenience and substance.

For the foregoing reasons, I find that venue is both proper and most appropriate in the Middle District of Louisiana. The convenience of the parties and witnesses and the interests of justice warrant transfer of this case. A magistrate judge is authorized to transfer a case of this sort to another district. Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999). Accordingly,

**IT IS ORDERED** that the instant matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

New Orleans, Louisiana, this ____7th____ day of September, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**